IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:25-cv-01163-CNS

D.B.U. and R.M.M., on behalf of themselves and others similarly situated,

    Petitioners-Plaintiffs,

v.

DONALD J. TRUMP, in his official capacity as President of the United States:
PAMELA BONDI, Attorney General of the United States, in her official capacity;
KRISTI NOEM, Secretary of the U.S. Department of Homeland Security, in her official capacity;
U.S. DEPARTMENT OF HOMELAND SECURITY;
TODD LYONS, Acting Director of U.S. Immigration and Customs Enforcement, in his official capacity;
U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT;
MARCO RUBIO, Secretary of State, in his official capacity;
U.S. STATE DEPARTMENT;
ROBERT GAUDIAN, Director of the Denver Field Office for U.S. Immigration and Customs Enforcement, in his official capacity; and
DAWN CEJA, Warden, Denver Contract Detention Facility, in her official capacity,

    Respondents-Defendants.

## ORDER

Before the Court is Petitioners-Plaintiffs' Motion for Leave to Proceed Under Pseudonym. ECF No. 3. After examining the motion and relevant legal authority, the Court concludes responsive briefing would not materially assist the Court's resolution of the motion and GRANTS the motion for the following reasons.

1

Federal Rule of Civil Procedure 10(a) governs pleadings and parties' names, mandating generally that pleadings contain the names of parties. However, parties may be pseudonymized under certain circumstances. *See, e.g., Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000); D.C.COLO.LCivR 7.2.

Weighing the "public interest," the Court concludes "anonymity is warranted" in permitting Petitioners-Plaintiffs to proceed under their initials. *Femedeer*, 227 F.3d at 1246 (citation omitted). The Court is persuaded this is the "exceptional" case presenting "matters of a highly sensitive and personal nature." *Id*. *See also* ECF No. 3 at 3–4. Indeed, "numerous courts have recognized the unique vulnerabilities of asylum seekers" and similarly situated individuals and "allowed them to proceed pseudonymously as a result." *Doe v. U.S. Immigr. & Customs Enf't*, No. 1:23-cv-00971-MLG-JMR, 2024 WL 4389461, at *2 (D.N.M. Oct. 3, 2024) (collecting cases). The Court finds their reasoning persuasive and adopts it. *See also B.S.L. v. Garland*, No. 21-9519, 2022 WL 985817, at *1 (10th Cir. Apr. 1, 2022).

Moreover, Petitioners-Plaintiffs persuade, in addition to satisfying this pseudonymity condition, they face sufficient dangers and risks of injury, including risks of physical harm, such that disclosure of their identities justifies pseudonymity in the form of proceeding under their initials. *See* ECF No. 3 at 4–7. *See also Femedeer*, 227 F.3d at 1246. Other courts have addressed analogous factual circumstances and permitted pseudonymity. The Court, again finding their reasoning persuasive, and having considered the public interest relative to Petitioners' request for relief and supporting arguments, follows suit. *See, e.g., Int'l Refugee Assistance Project v. Trump*, No. CV

2

TDC-17-0361, 2017 WL 818255, at *2 (D. Md. Mar. 1, 2017); *Doe v. United States Dep't of State*, No. 1:15-CV-01971, 2015 WL 9647660, at *3 (D.D.C. Nov. 3, 2015).

Finally, as part of its consideration of the public interest, the Court has considered any prejudice the government may suffer in permitting Petitioners to proceed pseudonymously. *See also* ECF No. 3 at 8. The Court discerns a minimal amount, particularly where Petitioners represent their willingness to disclose their identities to the government, subject to protections from retaliation and pseudonymity in court filings, and Petitioners have a privacy right in proceeding pseudonymously, given the nature of this case and for substantially the same reasons this case involves highly sensitive and personal information. *See* ECF No. 3 at 7; *Roe v. Cath. Health Initiatives Colorado*, No. 11-cv-02179-WYD-KMT, 2012 WL 12840, at *5 (D. Colo. Jan. 4, 2012); *Int'l Refugee Assistance Project*, 2017 WL 818255, at *3.

To be sure, court proceedings are presumptively open to the public. *See Doe v. Regents of Univ. of Colorado*, 603 F. Supp. 3d 1014, 1019 (D. Colo. 2022). But, notwithstanding this presumption, parties may, under certain exceptions, proceed pseudonymously. *See, e.g., Femedeer*, 227 F.3d at 1246. Because Petitioners satisfy those exceptions, they may proceed pseudonymously and use their initials in court filings and pleadings in this action.

* * *

Consistent with the above analysis, Petitioners-Plaintiffs' Motion for Leave to Proceed Under Pseudonym, ECF No. 3, is GRANTED.

DATED this 14th day of 2025.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge