# Exhibit 1 – Valdez Declaration

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| **D.B.U. and R.M.M.** | |
| *Petitioners-Plaintiffs,* | |
| v. | **25-cv-01163-CNS** |
| **DONALD J. TRUMP,** President of the United States, et al. | **Declaration of Deputy Field Office Director George Valdez** |
| *Respondents-Defendants* | |

.

I, George Valdez Jr., pursuant to 28 U.S.C. § 1746, declare under penalty of perjury as follows:

1. I am employed as the Deputy Field Office Director ("DFOD") for the U.S. Department of Homeland Security ("DHS"), U.S Immigration and Customs Enforcement ("ICE"), Enforcement and Removal Operations ("ERO") Denver Field Office. I have been employed with ICE ERO since 2011. I have been in my current role as a DFOD with Denver ERO since May 2024. My assigned duties include the oversight of detention operations at the ICE contract detention facility in Aurora, Colorado ("Denver CDF").

2. I provide this declaration based on my personal knowledge, reasonable inquiry, and information obtained from various records, systems, databases, other DHS employees, and information portals maintained and relied upon by DHS in the regular course of business.

1

3. I am aware that, on March 15, 2025, President Trump announced the Proclamation *Invocation of the Alien Enemies Act Regarding the Invasion of The United States by Tren De Aragua* ("Proclamation"). 90 Fed. Reg. 13,033, 13,033 (Mar. 20, 2025).

4. The Proclamation states that "all Venezuelan citizens 14 years of age or older who are members of TdA [Tren de Aragua], are within the United States and are not actually naturalized or lawful permanent residents of the United States are liable to be apprehended, restrained, secured, and removed as Alien Enemies." 90 Fed. Reg. at 13,034.

5. I am aware that the instant habeas proceeding was filed on April 12, 2025, by D.B.U. and R.M.M. ("Petitioners-Plaintiffs") regarding their alleged inclusion in the group of aliens designated under the Proclamation.

6. I have reviewed the cases of Petitioners-Plaintiffs, both of whom are in custody at the Denver CDF.

7. Petitioners-Plaintiffs are both natives and citizens of Venezuela who are within the United States and are not actually naturalized or lawful permanent residents of the United States.

**D.B.U.**

8. On August 19, 2022, U.S. Customs and Border Protection ("CBP") encountered D.B.U. at or near Eagle Pass, Texas, after he waded across the Rio Grande and entered the United States without being admitted or paroled after inspection.

9. CBP issued an Order of Release on Recognizance ("ORR") and directed D.B.U. to report to ICE.

10. On October 21, 2022, DHS filed a Notice to Appear ("NTA"), initiating immigration court proceedings under 8 U.S.C. § 1229a, before the Executive Office for Immigration Review. The NTA charged D.B.U. with being inadmissible to the United States pursuant to 8 U.S.C. § 1182(a)(6)(A)(i) (alien present in the United States without being admitted or paroled, or who arrives in the United States at any time or place other than as designated by the [Secretary of Homeland Security]).

11. On January 26, 2025, ICE encountered D.B.U. during an investigation and took custody of him pursuant to 8 U.S.C. § 1226.

12. D.B.U. is in removal proceedings pending before the immigration court.

13. Prior to April 12, 2025, ICE reviewed the facts in D.B.U.'s case and determined that he is not subject to the Proclamation.

14. Consequently, D.B.U. has not been issued a notice that he is subject to the Proclamation.

15. If ICE determines in the future that D.B.U. is subject to the Proclamation, he would be provided notice of such determination in a language he understands. These procedures will allow time and opportunity to file a habeas petition.

**R.M.M.**

16. On November 26, 2023, CBP encountered R.M.M. at or near Eagle Pass, Texas, after he entered the United States without being admitted or paroled after inspection.

17. CBP issued an ORR and directed R.M.M. to report to ICE.

18. On November 28, 2023, DHS filed a Notice to Appear ("NTA"), initiating immigration court proceedings under 8 U.S.C. § 1229a, before the Executive Office for Immigration

Review. The NTA charged R.M.M. with being inadmissible to the United States pursuant
to 8 U.S.C. § 1182(a)(6)(A)(i) (alien present in the United States without being admitted
or paroled, or who arrives in the United States at any time or place other than as designated
by the [Secretary of Homeland Security]).

19. On March 1, 2025, ICE encountered R.M.M. during an investigation and took custody of
him pursuant to 8 U.S.C. § 1226.

20. R.M.M.'s removal proceedings are pending before the immigration court.

21. Prior to April 12, 2025, ICE reviewed the facts in R.M.M.'s case and determined that he is
not subject to the Proclamation.

22. Consequently, R.M.M. has not been issued a notice that he is subject to the Proclamation.

23. If ICE determines in the future that R.M.M. is subject to the Proclamation, he would be
provided notice of such determination in a language he understands. These procedures will
allow time and opportunity to file a habeas petition.

24. In the Petition, Petitioners refer to a Form I-213 that was issued to R.M.M. A Form I-213,
Record of Deportable/Inadmissible Alien, is a document completed by Department officers
and agents based on information gathered upon initial encounter with an alien and from
reviewing Department records and other available information. A Form I-213 is not a
determination that an individual is subject to the Proclamation. The determination that an
individual is subject to the Proclamation is made through a different process.

I declare under penalty of perjury that the foregoing is true and correct.

4

Executed this __the day of April 2025

GEORGE           Digitally signed by
                 GEORGE VALDEZ JR
VALDEZ JR        Date: 2025.04.17
                 16:42:27 -06'00'

George Valdez Jr.
Deputy Field Office Director
U.S. Immigration and Customs Enforcement
U.S. Department of Homeland Security