## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action 25-cv-01163-CNS

D.B.U, and
R.M.M., on behalf of themselves and others similarly situated,

      Petitioners-Plaintiffs,

v.

DONALD J. TRUMP, in his official capacity as President of the United States,
PAMELA BONDI, Attorney General of the United States, in her official capacity,
KRISTI NOEM, Secretary of the U.S. Department of Homeland Security, in her official capacity,
U.S. DEPARTMENT OF HOMELAND SECURITY,
TODD LYONS, Acting Director of U.S. Immigration and Customs Enforcement, in his official capacity,
MARCO RUBIO, Secretary of State, in his official capacity,
ROBERT GUADIAN, Director of the Denver Field Office for U.S. Immigration and Customs Enforcement, in his official capacity, and
DAWN CEJA, Warden, Denver Contract Detention Facility, in her official capacity,

      Respondents-Defendants.

---

## RESPONSE TO MOTION FOR CLASS CERTIFICATION
### (ECF No. 4)

---

1

Petitioners' Motion for Class Certification (ECF No. 4) (filed 4/12/2025) should be denied, first and foremost, because Petitioners have not shown that they are or ever were members of the class that they propose to represent and that the Court has provisionally certified.  Several other reasons further support denial of the motion.  Federal Rule of Civil Procedure 23 does not apply in habeas proceedings.  While there is precedent in this circuit permitting a court to apply procedures analogous to those used in class actions to resolve a habeas proceeding, that authority does not support permitting Petitioners here to represent the proposed class.  And even if Rule 23 did apply, Petitioners have failed to meet several of that Rule's requirements.

## RELEVANT BACKGROUND[1]

### A.     Petitioners are not subject to the Proclamation.

Petitioners and Respondents agree that Petitioners are not subject to the Proclamation.  Petitioners allege that they are not members of Tren de Aragua (TdA).  ECF No. 1 at ¶¶ 11-12.  Respondents have explained that Petitioners were reviewed through U.S. Immigration and Customs Enforcement's process for determining whether they are subject to the Proclamation and were determined not to be subject to the Proclamation.  ECF No. 26-1 at ¶¶ 13, 21.  Petitioners have thus not been issued a notice that they are subject to the Proclamation.  ECF No. 26-1 at ¶¶ 14, 22.  And the Court has not determined that they are subject to the Proclamation.  *See* ECF No. 35.

Petitioners are now in removal proceedings under the Immigration and

---

[1]     As the Court is familiar with this proceeding, Respondents include here only those background details here that are relevant to the motion for class certification.

Nationality Act (INA).  ECF No. 26-1 at ¶¶ 10-12, 18-20.  They plan to seek relief from removal under a few different provisions.  ECF No. 1 at ¶¶ 11-12.

**B.    Almost all of Petitioners' challenges are to the process used for removals under the Proclamation.**

Petitioners raise eight challenges to removal under the Alien Enemies Act (AEA) of aliens subject to the Proclamation.  ECF No. 1 at ¶¶ 68-98.  Their First Claim asserts, in part, that the Proclamation does not meet the AEA's preconditions.  *Id.* at ¶ 69.

All of Petitioners' remaining challenges are to the *procedures* used for removal of individuals subject to the Proclamation—what Petitioners refer to as the "AEA Process." In part of their First Claim, Petitioners assert that they are subjected "to forced removal under the AEA without being afforded the privilege of voluntary departure…." *Id.* at ¶ 72. In their Second Claim, they assert they face removal under the AEA "without the procedures specified in the INA…."  *Id*. at ¶ 78.  In their Sixth Claim, they assert the AEA Process violates the AEA because it "denies Petitioners any time … to settle their affairs…"  *Id*. at ¶ 90.  In Claim Seven (Due Process Clause) and Claim Eight (violation of habeas corpus), they claim that they are denied meaningful procedural protections to challenge their removal under the AEA.  *Id.* at ¶¶ 93-98.  They also raise challenges to the AEA Process on the ground that it would—if *they* were subject to it—prevent them from seeking various types of relief.  Specifically, in their Third, Fourth, and Fifth Claims, they assert that removal under the AEA prevents them from applying for asylum, withholding of removal, and other relief—relief they allege that they personally intend to seek.  *Id*. at ¶¶ 11-12, 81-88.

In sum, Petitioners' challenges—except for part of Claim One—are to the "AEA

Process"—the procedures used for removal of individuals subject to the Proclamation.

**C.      The proposed class includes aliens who all, at some point in time, are subject to the Proclamation.**

In their Motion for Class Certification, Petitioners seek to certify a class of "[a]ll noncitizens in custody in the District of Colorado who were, are, or will be subject to the [Proclamation] and/or its implementation." ECF No. 4 at 1.  This is the same class that the Court has provisionally certified.  ECF No. 14; ECF No. 35 at 34.  Under this definition, individuals are class members only if they have been, are, or will be subject to the Proclamation—i.e., those to whom the Proclamation applies at *some* point.

Aliens facing removal under the INA (rather than the AEA) are proposed to be excluded from the class: "The proposed class does not include individuals who may be removed pursuant to other authorities, such as the immigration laws." ECF No. 4 at 5.

Petitioners do not show how they fall within the proposed class's scope.  They have not been and are not subject to the Proclamation.  Also, depending on the outcome of their removal proceedings, they may be removable under the INA and excluded from the class on that ground as well.

**D.      The proposed common class contentions focus on the AEA Process.**

Petitioners identify certain issues that they state are common contentions for the class.  ECF No. 4 at 10.  Those contentions generally track their claims.

Only one of the issues they identify addresses generally whether the Proclamation is lawful under the AEA.  *See id.* (identifying "whether the removals go beyond the power granted to the President under the AEA").

All the remaining issues focus on whether procedures used for the removal of

aliens under the AEA are lawful: "whether the removals violate statutory and regulatory

immigration removal procedures;" and whether the "denial of meaningful procedural

protections to challenge Petitioners' removal violates the AEA and Fifth Amendment."

Petitioners acknowledge that if the government's use of the AEA is upheld,

"individual habeas actions may be needed…." ECF No. 4 at 10-11.

## ARGUMENT

**I.    The Federal Rules of Civil Procedure do not grant authority to certify a class action in a habeas proceeding.**

Petitioners seek certification of a class under Federal Rule of Civil Procedure 23,

but that rule does not apply in this habeas proceeding. The Federal Rules of Civil

Procedure "apply to proceedings for habeas corpus" only "to the extent that the practice

in those proceedings … (B) has previously conformed to the practice in civil actions."

*See* Fed. R. Civ. P. 81(a)(4); *Banister v. Davis*, 590 U.S. 504, 511 (2020) (citing Rule

81(a)(4)). The Supreme Court has held that under this rule, a Federal Rule of Civil

Procedure does not apply unless the history of habeas corpus proceedings shows that

such proceedings previously followed that rule. In *Harris v. Nelson*, 394 U.S. 286

(1969), the Court relied on Rule 81(a) and "the history of habeas corpus" to "exclude the

application of Rule 33 in habeas corpus proceedings." *Id.* at 293. It observed that the

"draftsmen of the rules" had a general "understanding that the rules would have very

limited application to habeas corpus proceedings." *Id*. at 295.

Given this framework, Rule 23—the rule permitting class actions—does not apply

in habeas proceedings because there was no history of habeas class actions at the time

Rule 23 was promulgated. While Rule 81(a) "seems to demand evidence of a

conforming historical usage, … no case has been found in which anything resembling a class action was used in habeas corpus." *See* Note, Multiparty Federal Habeas Corpus, 81 Harv. L. Rev. 1482, 1493 (1968)

The Tenth Circuit has indicated that Rule 23 does not apply to habeas proceedings. In *Napier v. Gertrude*, 542 F.2d 825 (10th Cir. 1976), the court observed, "It has been decided in other circuits that Rule 23 class actions are technically inapplicable to habeas corpus proceedings." *Id*. at 827 n.2 (citing *Bijeol v. Banson*, 513 F.2d 965 (7th Cir. 1975); *United States ex rel. Sero v. Preiser*, 506 F.2d 1115 (2d Cir. 1974)). In *Sero*, the Second Circuit cited Rule 81(a) in concluding that "the precise provisions of Rule 23 do not apply to habeas corpus proceedings…" 506 F.2d at 1125; *see id.* (observing that there is "little evidence" of "multi-party" habeas proceedings before the Federal Rules of Civil Procedure were adopted). Similarly, in *Bijeol*, the Seventh Circuit determined that "Rule 23 … does not apply to habeas corpus proceedings." 513 F.2d at 968. In sum, since Petitioners are proceeding in habeas, Rule 23 does not authorize certification of a class in this proceeding.

Petitioners discuss this threshold issue only in a footnote. They cite decisions where the Supreme Court addressed a question arising from a habeas proceeding certified as a class action. ECF No. 4 at 6 n.4. But the Court in those cases did not address the question whether a class action can properly be certified in a habeas proceeding. *Cf. Wilkins v. United States*, 598 U.S. 152, 160–64 (2023) (holding that "no precedential effect" should be accorded to a "drive-by jurisdictional ruling" because "[t]his Court looks for definitive interpretations, not holdings in hiding" (cleaned up)).

6

**II.     This Court's limited authority to fashion procedures in aid of its jurisdiction does not support allowing Petitioners to represent the proposed class.**

This Court has limited authority to fashion appropriate procedures, akin to Rule 23, to manage complex habeas proceedings.  But that authority does not authorize this Court to permit Petitioners to proceed on behalf of the proposed class here.

In *Napier*, the Tenth Circuit observed that the court "may…apply an analogous procedure by reference to Rule 23 in proper circumstances."  542 F.2d at 827 n.2 (citations omitted).  The *Napier* decision itself shed little light on the "proper circumstances," as the district court in that case did not certify a class.  *Id.* at 827.  But the decisions the Tenth Circuit relied on in *Napier* explained the circumstances where a court can employ an analogous procedure to a class action in a habeas proceeding.

Those decisions made clear that use of such a procedure in a habeas proceeding is warranted only in narrow circumstances and where there is a compelling justification.  For example, in *Bijeol*, the Seventh Circuit permitted a "representative action" with consolidated proceedings for a class of "prisoners in a given category in one penitentiary" where it was likely that "all prisoners in the represented class were in fact informed about the action…."  513 F.2d at 968.  The court took note of the "narrowness of the category of habeas corpus cases suitable for representative treatment."  *Id.* at 969.  It cautioned, "Allowing wide representation in a habeas corpus action might very well result in injustice to absent prisoners" given the risk that they would be "bound [] by an adverse determination."  *Id*. at 969; *see also id*. (warning that "a true representative action cuts both ways").  Similarly, in *Sero*, while the Second Circuit recognized that it had "authority to fashion expeditious methods of procedure in a

7

specific case," it decided to permit a "multi-party proceeding" of "misdemeanants held in custody" in New York only after finding "compelling justification."  506 F.2d at 1125.

The court in *Sero* recognized that the source of the court's authority to adopt such appropriate procedures was found in the All Writs Act, 28 U.S.C. § 1651(a).  *Id*. Under the All Writs Act, a court "may fashion appropriate modes of procedure" in habeas proceedings as "may be necessary and appropriate in aid of its jurisdiction." *Harris*, 394 U.S. at 299-300 (cleaned up); *accord Bracy v. Gramley*, 520 U.S. 899, 904 (1997) (explaining that the authority of a court to fashion "appropriate modes of procedure" in a habeas proceeding derives from the All Writs Act (cleaned up)).

More recently, however, the Supreme Court has clarified that the All Writs Act does not itself "confer jurisdiction," but only permits a court to protect jurisdiction that is properly invoked.  *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32-33 (2002); *Clinton v. Goldsmith*, 526 U.S. 529, 534-35 (1999) (the All Writs Act does not "enlarge" a court's existing jurisdiction).  While the Court cited that Act in its order granting a stay for a "putative class of detainees" in *A.A.R.P. v. Trump*, ___ U.S. ___, 2025 WL 1147581, at *1 (U.S. Apr. 19, 2025), the Court did not provide any interpretation of the Act and has not issued any further ruling.  That unexplained preliminary order thus, under the Supreme Court's own precedents, is not a "definitive interpretation[]" of that Act for this Court to follow as a statement of law.  *Wilkins*, 598 U.S. at 160-61.

These principles—that use of procedures analogous to those used in class actions are warranted in habeas proceedings only in narrow circumstances, and only to aid a court's existing jurisdiction under the All Writ Act—show that this Court should not

permit Petitioners to proceed in this habeas proceeding as representatives of a class. The source of the Court's jurisdiction here is the habeas statute, which permits it to determine whether custody "is in ... violation of ... law[]."  28 U.S.C. § 2241(c)(3).  If Petitioners were subject to the Proclamation and facing removal under the AEA, the Court could exercise habeas jurisdiction over such a proceeding.  *Trump v. J.G.G.*, 604 U.S. ___, 2025 WL 1024097 (U.S. Apr. 7, 2025).  But the habeas statute does not grant the Court sweeping jurisdiction to review—at this time—the lawfulness of the removal of any alien determined—at any potential time in the *future*—to be subject to the Proclamation.  *See Jennings v. Rodriguez,* 583 U.S. 281, 322 (2018)  (Thomas, J., concurring) ("Respondents do not seek habeas relief, as understood by our precedents" because they ask for "an injunction that would provide relief for both present and future class members").  And the All Writs Act does not add to that habeas jurisdiction.

Moreover, Petitioners would not be proper representatives of that class, as they are not in custody under the AEA.  Petitioners also have not suggested that they meet the requirements to serve as a next friend of members of the class they seek to represent.  *See* 28 U.S.C. § 2242 (providing that a habeas petition shall be "signed and verified by the person … or by someone acting in his behalf"); *Whitmore v. Arkansas*, 495 U.S. 149 (1990) (explaining the "limitations on the 'next friend' doctrine").  Petitioners cannot escape those "next friend" requirements of the habeas statute by seeking to proceed in a class action.  The All Writs Act cannot be used "to circumvent statutory requirements."  *See Shoop v. Twyford*, 596 U.S. 811, 820-21 (2022).

Finally, Petitioners have not shown that a proceeding analogous to class

9

certification is appropriate to resolve the legal issues here, rather than allowing those issues to be resolved in other habeas proceedings. In *Calderon v. Ashmus*, 523 U.S. 740 (1998), the Supreme Court declined to permit a habeas petitioner to use a class action to attempt to obtain a judicial declaration to resolve an issue that could otherwise be raised in a future habeas proceeding. *Id*. at 748 (recognizing the "need … to prevent federal-court litigants from seeking by declaratory judgment to litigate a single issue in a dispute that must await another lawsuit for complete resolution"). Justice Breyer added that "it should prove possible for at least some habeas petitioners to obtain a relatively expeditious judicial answer to [the legal issue] and thereby provide legal guidance for others." *Id*. at 750 (Breyer, J., concurring). The same is true here.

## III.    Even if Rule 23 applied, Petitioners have not satisfied its standards

### A.    Petitioners must prove that they meet Rule 23's standards.

District courts applying Rule 23 must undertake a "rigorous analysis" in determining whether to certify a class. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351 (2011). The Court must determine whether Rule 23(a)'s prerequisites—numerosity, commonality, typicality, and adequacy—are met; whether the class action is of a type that may be maintained under Rule 23(b); and how the class would be defined and what common issues the class representatives would pursue. *See* Fed. R. Civ. P. 23(c)(1) (requiring the court to "define the class and the class claims, issues, or defenses").

Satisfying those requirements requires proof. "Rule 23 does not set forth a mere pleading standard. A party seeking class certification must affirmatively demonstrate his compliance with the Rule," that the requirements "in fact" are met. *Wal-Mart*, 564

10

U.S. at 350; *see Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013) (the class

representative must "satisfy through evidentiary proof" that Rule 23(b) is met).

The party seeking certification under Rule 23 thus must show, through evidence,

that the facts supporting certification are more likely than not. *See White v. General*

*Motors LLC*, No. 21-cv-00410-CNS-MEH, 2023 WL 3278460, at *3 (D. Colo. May 5,

2023) (concluding that the preponderance standard applies to class certification); *cf.*

*E.M.D. Sales, Inc. v. Carrera*, 604 U.S. 45, 47 (2025) ("The usual standard of proof in

civil litigation is preponderance of the evidence."); *Goldman Sachs Group, Inc. v.*

*Arkansas Teacher Retirement Sys.*, 594 U.S. 113, 126-27 (2021) (equating the

"preponderance of the evidence" and "more likely than not" standards, and observing

that this standard is not met "when the court finds the evidence in equipoise").

**B.     Petitioners have not satisfied all of Rule 23(a)'s requirements**

**1.     They have not shown that their claims are typical of the class.**

Petitioners must show that "the claims or defenses of the representative parties

are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). After all, the

class is limited to pursuing claims held by the plaintiff. *See Gen. Tel. Co. v. Falcon*, 457

U.S. 147, 156 (1982) (Rule 23's requirements "effectively limit the class claims to those

fairly encompassed by the named plaintiff's claims." (cleaned up)). But Petitioners are

not members of the proposed class. This defect is fatal to any "typicality" showing.

Two typicality requirements are important here. First, a class representative

must be a member of the proposed class. *See Falcon*, 457 U.S. at 156 ("[A] class

representative must be part of the class and possess the same interest and suffer the

same injury as the class members." (cleaned up)).  Second, the plaintiff must show that

deciding the plaintiff's claim would require a decision on a question common to the

class.  *Id*. at 158 (explaining that the plaintiff must show that "adjudication of [the

plaintiff's] claim … would require the decision of any common question" for the class).

Petitioners meet neither requirement.  First, they are not part of the proposed

class.  They were not, and are not, subject to the Proclamation.  And, crucially, they

also have not met their burden to show by a preponderance of the evidence that they

ever will be subject to the Proclamation.  At most, they have pointed to Respondents'

observation that *if* additional facts regarding Petitioners came to light, they *might* be

determined in the future to be subject to the Proclamation.  ECF No. 31 at 3.  But they

offer no evidence showing that it is more likely than not that such facts will come to light

and that they will be subject to the Proclamation; rather, they disavow TdA membership.

Second, Petitioners have not shown that a decision as to them will necessarily

resolve a question for the class.  Unless Petitioners are determined to be subject to the

Proclamation, there may never be a need for a Court considering their claims to make a

final adjudication as to the legality of the Proclamation or the AEA Process.

Those differences matter.  Petitioners are not in the same situation as someone

subject to the Proclamation.  They have not received any notice that they could

challenge, and they are in immigration proceedings, not an AEA Process.  They thus

have not met their burden to show that they are typical of other class members.

### 2. Petitioners have not shown they are advancing a contention common to both themselves and the class.

The "commonality" requirement mandates that there be "questions of law or fact

common to the class."  Fed. R. Civ. P. 23(a)(2).  To satisfy this requirement, the class

must have some "common contention" that is capable of "classwide resolution" and

where the answer will "drive the resolution of the litigation."  *Wal-Mart*, 564 U.S. at 350.

Petitioners' proposed issues (ECF No. 4 at 10) fail this test.  Most of their

contentions are not shared by the class.  For example, they raise contentions related to

their own anticipated requests in immigration proceedings for various types of relief from

removal, but the proposed class is not limited to individuals who are seeking the same

forms of relief as Petitioners.  They challenge the adequacy of the AEA Process but

present no evidence about the process used as to them—because there has not been

one.  While a determination as to the Proclamation's compliance with the AEA might in

theory generate a common answer for a subset of the class (those detained under the

AEA), Petitioners—who are not detained under the AEA—do not share that interest in

common with those class members, and thus cannot represent that subset of the class.

### 3. Petitioners have not shown that they are adequate representatives of the class.

To meet the adequacy requirement, Petitioners must show that "the

representative parties will fairly and adequately protect the interests of the class."  Fed.

R. Civ. P. 23(a)(4).  This test is not satisfied where the plaintiff has not suffered the

injury that the class members have.  *Cf. East Texas Motor Freight Sys., Inc. v.*

*Rodriguez*, 431 U.S. 395, 403-04 (1977) (holding that where the plaintiffs bringing a

discrimination claim were not qualified for the position they applied for, they were

"simply not eligible to represent a class of persons who did allegedly suffer injury").

Petitioners have not shown that they will be adequate representatives of a

proposed class of individuals who have been or will be, at some time, subject to the Proclamation. They have not shown that they will be injured *at all* by the Proclamation or the AEA.  Other key facts further distinguish Petitioners from other class members and undermine their claim to adequacy.  For example, since Petitioners were reviewed under a process that determined that they were *not* subject to the Proclamation, they lack the same incentive as other class members to challenge that process.

**B.      Petitioners also have not satisfied Rule 23(b)(2).**

Petitioners seek to proceed with a class action under Rule 23(b)(2), which says a class action may be maintained if "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole."

To satisfy Rule 23(b)(2), *all* members of the class must be entitled to the *same* injunctive relief.  "The key to the (b)(2) class is the indivisible nature of the injunctive or declaratory remedy warranted—the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them." *Wal-Mart*, 564 U.S. at 360 (internal quotations and citation omitted).  "[T]he relief sought must perforce affect the entire class at once."  *Id*. at 361-62.  "Under Rule 23(b)(2), the injuries sustained by the class must be sufficiently similar that they can be addressed in a single injunction that need not differentiate between class members."  *Vallario v. Vandehey*, 554 F.3d 1259, 1268 (10th Cir. 2009) (cleaned up).[2]

---

[2]      The Court must determine whether *injunctive* relief would benefit every class member, not simply whether declaratory relief could be granted.  *See Jennings*, 583 U.S.

Petitioners have not shown that the contentions they seek to raise would result in common injunctive relief for the entire proposed class.  Class members are likely to be differently situated from Petitioners or from each other.  For example, some aliens might be subject to removal only under the AEA and not under the INA; some may be subject to removal under the INA and placed in removal proceedings whereas others might face immediate reinstatement of prior removal orders; some may seek different types of relief from removal, or none at all; and some who are determined to be subject to the Proclamation may receive different types of process.  Resolution of Petitioners' proposed contentions might result in injunctive relief for some of those aliens, but not *all* of them.  And while one issue arguably common to all AEA detainees is the lawfulness of the Proclamation under the AEA, Petitioners themselves are not AEA detainees.

Second, resolution of many of Petitioners' procedural and due process objections would require fact-specific inquiries.  As the Supreme Court has "stressed repeatedly," "due process is flexible" and "calls for such procedural protections as the particular situation demands."  *Jennings*, 583 U.S. at 314 (cleaned up).  It is not appropriate to certify a Rule 23(b)(2) class simply to resolve in one proceeding how all those varying circumstances should be analyzed.  For example, in *Reid v. Donelan*, 17 F.4th 1 (1st Cir. 2021), the court held that a class of aliens objecting to their detention on due process grounds could not be certified because "[a] Rule 23(b)(2) class action seeking additional procedures under the Due Process Clause does not provide a vehicle for

---

at 313 (observing that Rule 23(b)(2) requires the injunctive relief or "*corresponding* declaratory relief" to be appropriate to the class) (emphasis in original).

preemptively announcing such rules." *Id.* at 11-12 (observing that such rules could arise "through case-by-case adjudication").

Third, the Court may not find that Rule 23(b)(2) is satisfied based on the assumption that class members, despite their differences, would prefer to have their AEA challenges resolved in this proceeding, rather than in future individual habeas petitions where their factual circumstances could be addressed. The stringent rules for class certification reflect the concern that "class judgments bind absentees with respect to their individual claims for relief...." *Viking River Cruises, Inc. v. Moriana*, 596 U.S. 639, 654 (2022). A putative class member—particularly one who "will be" subject to the Proclamation in the future—could reasonably hope to wait to raise any challenge at a later time when they actually face removal under the AEA, when their claims will be informed by their particular facts and circumstances, and where those claims may be raised after some legal issues have been resolved on the merits in other cases. Forcing them into a class, to be represented by individuals (Petitioners) who are not even in the class, is not necessarily advantageous to those potential future class members.

## CONCLUSION

The Court should decline to certify the class since Petitioners have not shown that the law allows it, or that they are members of the class they seek to represent. But if the Court does certify a class, it should at least narrow the class to those who actually are subject to the Proclamation, and should specify that the only issue that is common to that class is the lawfulness of the Proclamation under the AEA, ECF No. 1 at ¶ 69.

Dated:  April 28, 2025

Respectfully submitted,

YAAKOV M. ROTH
Acting Assistant Attorney General
Civil Division

Michael Velchik
Senior Counsel
Civil Division
U.S. Department of Justice
P.O. Box 878, Ben Franklin Station
Washington, DC 20044-0878
Telephone:  (202) 514-2000
Email: michael.velchik@usdoj.gov


J. BISHOP GREWELL
Acting United States Attorney

s/Kevin Traskos_____
***Kevin T. Traskos***
Chief, Civil Division
Assistant U.S. Attorney
1801 California St., Suite 1600
Denver, Colorado 80202
Telephone:  (303) 454-0100
Kevin.traskos@usdoj.gov

Counsel for Respondents

## CERTIFICATE OF SERVICE

I certify that on April 28, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, and that in accordance with Fed. R. Civ. P. 5, all counsel of record shall be served electronically through such filing.

s/Kevin Traskos_____
***Kevin T. Traskos***