IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:25-cv-01163-CNS

D.B.U. and R.M.M., on behalf of themselves and others similarly situated,

     Petitioners-Plaintiffs,

v.

DONALD J. TRUMP, in his official capacity as President of the United States:
PAMELA BONDI, Attorney General of the United States, in her official capacity;
KRISTI NOEM, Secretary of the U.S. Department of Homeland Security, in her official capacity;
U.S. DEPARTMENT OF HOMELAND SECURITY;
TODD LYONS, Acting Director of U.S. Immigration and Customs Enforcement, in his official capacity;
U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT;
MARCO RUBIO, Secretary of State, in his official capacity;
U.S. STATE DEPARTMENT;
ROBERT GAUDIAN, Director of the Denver Field Office for U.S. Immigration and Customs Enforcement, in his official capacity; and
DAWN CEJA, Warden, Denver Contract Detention Facility, in her official capacity,

     Respondents-Defendants.

---

## ORDER

---

     Before the Court is Petitioners D.B.U. and R.M.M.'s Motion for Class Certification.

ECF No. 4. The Court GRANTS Petitioners' class certification motion, certifying the class

Petitioners seek to represent:

> All noncitizens in custody in the District of Colorado who were, are, or will be subject to the March 2025 Presidential Proclamation entitled 'Invocation of the Alien Enemies Act Regarding the Invasion of the United States by Tren de Aragua' and/or its implementation.

The Court's Order proceeds as follows. First, it recounts this case's relevant legal, factual, and procedural background. Second, it discusses the parties' arguments as to which—if any—legal framework governs Petitioners' certification motion. Discussed further below, Federal Rule of Civil Procedure 23 applies in the Court's analysis of Petitioners' certification motion. And third, the Court analyzes Petitioners' certification motion under Rule 23's standard. The Court's analysis leads to this conclusion: Petitioners have satisfied Rule 23's requirements, and therefore class certification is proper.

## I.    BACKGROUND

The Court presumes the parties' familiarity with this case's legal, factual, and procedural background. Proceeding from this presumption, the Court recites facts relevant to the resolution of Petitioners' certification motion.

### A.  Legal Background

On March 14, 2025, President Donald J. Trump signed a proclamation designated Tren de Aragua (TdA) a "Foreign Terrorist Organization" and declaring, among other things, TdA is "perpetuating, attempting, and threatening an alien invasion or predatory incursion against the territory of the United States." Invocation of the Alien Enemies Act Regarding the Invasion of the United States by Tren de Aragua, 90 Fed. Reg. 13,033 (Mar. 14, 2025). The Proclamation's declarations, findings, directions were made "[p]ursuant to [the President's] authority," id., under 50 U.S.C. § 21—the Alien Enemies Act.

Plaintiffs in other jurisdictions have challenged their detentions and removals under the Act. *See, e.g., J.G.G. v. Trump*, Civil Action No. 25-766 (JEB), --- F. Supp. 3d ----, 2025 WL 890401, at *1 (D.D.C. Mar. 24, 2025) ("In the predawn hours of Saturday, March 15, five Venezuelan noncitizens being held in Texas by the Department of Homeland Security sought emergency relief in this Court. They justifiably feared that, in a matter of hours, they might be removed from the country pursuant . . . the Alien Enemies Act of 1798.").

The Supreme Court has issued guidance in these challenges' legal issues in two instances. First, by declaring individuals detained under the Act are entitled to "judicial review" as to "questions of interpretation and constitutionality" about the Act. *Trump v. J. G. G.*, --- U.S. at ----, 2025 WL 1024097, at *2 (per curiam). Second, by later directing the government "not to remove" members of a putative class of detainees "from the United States until further order" from the Supreme Court. *A.A.R.P. v. Trump*, No. 24A1007, --- U.S. ----, 2025 WL 1147581, at *1 (U.S. Apr. 19, 2025) (citing 28 U. S. C. § 1651(a)); *see also A.A.R.P. v. Trump*, No. 1:25-CV-059-H, --- F. Supp. 3d ----, 2025 WL 1148140, at *1 (N.D. Tex. Apr. 17, 2025).

**B.  Factual Background**

Petitioners D.B.U. and R.M.M. are Venezuelan citizens presently detained at the ICE Denver Contract Detention Facility (the Facility). In an April 17, 2025, immigration proceeding, an immigration judge indicated that Immigrations and Customs Enforcement (ICE) "suggests that D.B.U. has a gang affiliation." In a Form 1-213 statement, ICE identified R.M.M. as an "Associate/Active" of TdA, and that R.M.M. is a "known member"

of TdA. Both D.B.U. and R.M.M. deny TdA membership, but are at "grave risk" of ICE "alleging that" they are TdA members. *See* ECF Nos. 2-1; 2-2.

Following the Court's April 22, 2025, order granting Petitioners' request for a temporary restraining order, in which the Court set forth notice requirements to which Respondents must adhere as a matter of due process, Respondents represent the notices they provide detainees in this judicial district comply with the Court's notice requirements. *See* ECF No. 48 at 6 n.1.

### C. Procedural Background

Petitioners filed several motions contemporaneously with their Class Petition for Writ of Habeas Corpus and Class Complaint for Declaratory and Injunctive relief, including the instant certification motion. ECF No. 4. On April 14, 2025, pursuant to the All Writs Act, the Court issued an order prohibiting Respondents from removing Petitioners from this judicial district. ECF No. 10. Following oral argument, the Court granted Petitioners' Emergency Motion for Temporary Restraining Order, effective through May 6, 2025, and provisionally certified the class Petitioners seek to represent. ECF No. 35; *D.B.U. v. Trump*, --- F. Supp. 3d ----, No. 1:25-cv-01163-CNS, 2025 WL 1163530, at *5 (D. Colo. Apr. 22, 2025). In its April 22, 2025 order, granting Petitioners' TRO request, the Court set forth a briefing schedule for the instant motion. The parties timely complied with the Court's briefing schedule, so the instant motion is fully briefed. ECF No. 46; ECF No. 50.

## II.    LEGAL STANDARD

Before setting forth the applicable legal standard, the Court settles the parties' arguments attendant to it—specifically, whether class certification in the habeas context is possible, and if so what standard applies to habeas certification.

### A.  Availability of Class Actions in Habeas Proceedings

As a preliminary matter, the Court must decide which certification framework governs its analysis of Petitioners' habeas claims, and whether Petitioners may proceed with their habeas claims on a class basis. Applying settled equitable certification principles, they can.

Respondents argue class proceedings for habeas claims are improper. *See, e.g.,* ECF No. 46 at 5. The Court disagrees. The parties cite competing legal authority on this issue. *Compare id.*, *with* ECF No. 4 at 6 n.4. But at least one court has considered this precise issue and certified an analogous class of

> Venezuelan aliens, 14 years old or older, who have not been naturalized, who Respondents have designated or in the future designate as alien enemies under the March 14, 2025, Presidential Proclamation entitled 'Invocation of the Alien Enemies Act Regarding the Invasion of the United States by Tren De Aragua', 90 Fed. Reg. 13033, and who are detained or reside in the Southern District of Texas.

*J.A.V. v. Trump*, No. 1:25-CV-072, --- F.R.D. ----, 2025 WL 1256996, at *6 (S.D. Tex. May 1, 2025).

*J.A.V.* provides a persuasive and instructive discussion of class certification in a habeas proceeding, and whether Rule 23 applies in a habeas proceeding. *See id.* at *1. To be sure, Respondents are correct in arguing there is no dispositive case on the matter. ECF No. 46 at 6. *See also Schall v. Martin*, 467 U.S. 253, 261 n.5 (1984) ("We have never

decided whether Federal Rule of Civil Procedure 23, providing for class actions, is applicable to petitions for habeas corpus relief."). But the Tenth Circuit, acknowledging this, has endorsed what is essentially the application of Rule 23 when habeas petitioners seek to represent a class. *See Napier v. Gertrude*, 542 F.2d 825, 827 n.2 (10th Cir. 1976) ("It has been decided in other circuits that Rule 23 class actions are technically inapplicable to habeas corpus proceedings. The court may, however, apply an analogous procedure by reference to Rule 23 in proper circumstances."). Other federal appellate courts, as discussed in *J.A.V.*, 2025 WL 1256996, at *2, are in accord. *See, e.g., Cox v. McCarthy*, 829 F.2d 800, 804 (9th Cir. 1987) ("This court has held that a class action may lie in habeas corpus." (citation omitted)); *LoBue v. Christopher*, 82 F.3d 1081, 1085 (D.C. Cir. 1996) ("[C]laim[ing] that there is no equivalent to class actions in habeas, [is] wrong, for courts have in fact developed such equivalent." (citations omitted)); *U.S. ex rel. Sero v. Preiser*, 506 F.2d 1115, 1124 (2d Cir. 1974); *Williams v. Richardson*, 481 F.2d 358, 361 (8th Cir. 1973).

The Court finds these cases, and *J.A.V.*'s discussion of them in a virtually identical factual circumstance, persuasive. Accordingly, the Court rejects Respondents' argument there is no basis for proceeding in habeas on a class basis. Exercising its power under the All Writs Act, 28 U.S.C. § 1651, the Court—consistent with Tenth Circuit precedent— applies Rule 23 in its analysis of Petitioners' claims. *See, e.g., J.A.V.*, 2025 WL 1256996, at *2 ("When determining whether a procedure analogous to a Rule 23 class action is appropriate in a particular habeas corpus proceeding, courts can consider the Rule 23 factors.") (citing *Napier*, 542 F.2d at 827 n.2). Because habeas class proceedings are

permissible and adopt Rule 23's requirements, to the extent the Court discusses legal authority attendant to standard Rule 23 class actions those authorities are applicable to the Court's analysis of Petitioners' instant motion to certify a habeas class. *See Napier*, 542 F.2d at 827 n.2

### B.  Governing Legal Standard

The class action is an exceptional procedural mechanism, permitting a named plaintiff or petitioner to represent a class "whose claims they wish to litigate." *Colorado Cross Disability Coal. v. Abercrombie & Fitch Co*., 765 F.3d 1205, 1213 (10th Cir. 2014) (quotations omitted); *see also Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co*., 559 U.S. 393, 408 (2010) ("A class action ... enables a federal court to adjudicate claims of multiple parties at once, instead of in separate suits."). To certify a class action, plaintiffs or petitioners must first satisfy Federal Rule of Civil Procedure 23(a)'s requirements: numerosity, commonality, typicality, and adequacy. Fed. R. Civ. P. 23(a); *see also Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349 (2011). Second, plaintiffs must show through "evidentiary proof" that at least one of three conditions defined in Federal Rule of Civil Procedure 23(b) is satisfied. *Colorado Cross Disability*, 765 F.3d at 1213 (citation omitted); *see also Tabor v. Hilti, Inc*., 703 F.3d 1206, 1228 (10th Cir. 2013).

"In determining the propriety of a class action, the question is not whether plaintiffs or petitioners have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met." *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178 (1974) (quotations omitted). Plaintiffs or Petitioners must satisfy the "preponderance" evidentiary standard at the class certification stage. *See, e.g., White v. Gen. Motors LLC*,

No. 1:21-cv-00410-CNS-MEH, 2023 WL 3278460, at *3 (D. Colo. May 5, 2023) (discussing courts' application of various evidentiary standards at certification stage and adopting the preponderance standard); *Payne v. Tri-State CareFlight, LLC*, 328 F.R.D. 601, 621 n.12 (D.N.M. 2018) ("[A]lthough the Tenth Circuit has not yet explicitly adopted the preponderance standard for fact-finding in class certification analyses, it most likely will, and the Court will employ that standard here." (collecting cases)); *Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651, 665 (9th Cir.) (en banc), *cert. denied sub nom. StarKist Co. v. Olean Wholesale Grocery Coop., Inc.*, 143 S. Ct. 424 (2022) ("Because the application of Rule 23 to certify a class does not alter the defendants' rights or interests in a substantive way, there is no basis for applying a heightened standard of proof beyond the traditional preponderance standard.").

## III. ANALYSIS

The parties' certification dispute is easily summarized. Petitioners argue they have met Federal Rule of Civil Procedure 23's certification requirements. Respondents disagree, arguing—regardless of whether certified under Rule 23 or equitable habeas principles—Petitioners have not met their certification burden. Having considered the parties' arguments, the Court concludes Petitioners have met their certification burden, and that certification of the class they seek to represent is proper. In arriving at this conclusion, the Court analyzes Rule 23(a)'s factors in turn, before turning to Rule 23(b)(2).

### A. Rule 23(a)

#### i. Numerosity

Petitioners argue they satisfy Rule 23(a)'s numerosity requirement because "the proposed class is so numerous that joinder is impracticable." ECF No. 4 at 6. Respondents' briefing on this matter is limited to the observation that Petitioners must satisfy their numerosity burden. ECF No. 46 at 10. Notwithstanding Respondents' limited briefing on the issue, the Court agrees with Petitioners and is satisfied they meet their numerosity burden.

Under Rule 23(a)(1), plaintiffs or petitioners must show "that the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). Rule 23(a)'s numerosity inquiry is not a blunt "question of numbers." *Horn v. Associated Wholesale Grocers, Inc.*, 555 F.2d 270, 275 (10th Cir. 1977). Assessing a class's numerosity is a "fact-specific inquiry," calling for the consideration of certain factors, including: "the nature of the action, the size of the individual claims, and the location of the members of the class or the property that is the subject matter of the dispute." *Colorado Cross Disability*, 765 F.3d at 1215 (quotations omitted).

Considering these factors, this is a habeas action in which Petitioners challenge the President's authority to detain individuals under the Proclamation and the Act, limited to the District of Colorado. And although numerosity is reducible to arithmetic, *see id.*, Petitioners have met their burden of showing the number of detainees who are subject to the Proclamation or fall within the class definition is so numerous as to render joinder impracticable. The Court's conclusion is bolstered by Respondents' failure to

9

meaningfully brief this issue, essentially conceding it. *See Am. Tradition Inst. v. Colorado*, 876 F. Supp. 2d 1222, 1237 (D. Colo. 2012). Accordingly, the Court proceeds in its Rule 23(a) analysis. *Lozoya v. AllPhase Landscape Constr., Inc.*, No. 12-cv-1048-JLK, 2015 WL 1524639, at *1 (D. Colo. Mar. 31, 2015) (proceeding in discussion of Rule 23(a)'s factors after defendants "[did] not appear to dispute that the numerosity requirement is satisfied"). And to the extent that Petitioners' class must be ascertainable, see *White*, 2023 WL 3278460, at *7, it is, given there are objective criteria that make the class "capable of being determined"—whether a detainee is or will be subject to the Proclamation—and a class action is "administratively feasible," given Petitioners' class definition is sufficiently finite for the Court to "determine whether a particular individual is a member of the proposed class," *id.* (quotations omitted).

### ii. Commonality

As to commonality, *see* Fed. R. Civ. P. 23(a)(2), Petitioners assert that because the proposed class's claims "include common questions of law and fact" that they meet their commonality burden. ECF No. 4 at 9; *see also* Fed. R. Civ. P. 23(a)(2). Respondents resist, on the basis Petitioners' "contentions are not shared by the class." ECF No. 46 at 13. Specifically, that "Petitioners—who are not detained under the [Act]—do not share [an] interest in common with those of class members." ECF No. 46 at 13. The Court agrees with Petitioners they have met their commonality burden.

Rule 23(a)(2) is disjunctive: a plaintiff may satisfy its commonality requirement if "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2); *see also Milonas v. Williams*, 691 F.2d 931, 938 (10th Cir. 1982) ("In determining whether the

... commonality requirement[ ] ha[s] been fulfilled, either common questions of law or fact presented by the class will be deemed sufficient."). In determining whether plaintiffs or petitioners have satisfied Rule 23(a)(2)'s commonality requirement, courts ask whether the class claims "depend upon a common contention . . . capable of class-wide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart*, 564 U.S. at 350. "What matters to class certification . . . is not the raising of common questions—even in droves—but rather, the capacity of a class-wide proceeding to generate common answers apt to drive the resolution of the litigation." *Id*. (quotations omitted). "A finding of commonality requires only a single question of law or fact common to the entire class." *Menocal v. GEO Grp., Inc*., 882 F.3d 905, 914 (10th Cir. 2018) (quotations omitted); *see also Wal-Mart*, 564 U.S. at 359 ("We quite agree that for purposes of Rule 23(a)(2) even a single common question will do." (quotations and alterations omitted)). "A common contention need not be one that will be answered, on the merits, in favor of the class." *Alcantar v. Hobart Serv*., 800 F.3d 1047, 1053 (9th Cir. 2015) (quotations omitted).

To be sure, Respondents properly argue that—based on the current record—D.B.U. and R.M.M., the class's named representatives, do not face circumstances congruent with other class members. Petitioners acknowledge D.B.U. and R.M.M. are not presently detained under the Proclamation and Act. ECF No. 50 at 6. But the Court agrees with Petitioners that the legal authority under which they are presently detained, the INA and Title 8, rather than the Proclamation and Act, is not fatal to establishing commonality. As discussed in the Court's TRO order, Respondents have failed to eliminate the

possibility Petitioners could soon become subject to the Act and Proclamation. *See, e.g., D.B.U.*, 2025 WL 1163530, at *5. This is particularly true where, in Petitioners' immigration proceedings, Respondents have suggested in immigration proceedings that D.B.U. has a gang affiliation, and R.M.M. is an associate or active TdA member. *See generally* ECF No. 2-1; ECF No. 2-2.

Under Rule 23(a)(2), Petitioners are not required to share the same factual circumstances of other class members, particularly where "questions of law"—whether present or future detainment of individuals under the Proclamation is constitutional or consistent with the Act's text—are "common to the class" Fed. R. Civ. P. 23(a)(2). *See also Milonas*, 691 F.2d at 938 ("In determining whether the . . . commonality requirement[] ha[s] been fulfilled, either common questions of law or fact presented by the class will be deemed sufficient.") (emphasis added).

The risk Petitioners face as to deportation under the Proclamation is sufficient for Rule 23(a)(2)'s requirement. Indeed, the Tenth Circuit has distanced Rule 23(a)(2) from the identical, factual overlap Respondents demand. *See, e.g., DG ex rel. Stricklin v. Devaughn*, 594 F.3d 1188, 1196 (10th Cir. 2010) ("Though each class member may not have actually suffered abuse, neglect, or the risk of such harm, Defendants' conduct allegedly poses a risk of impermissible harm . . . .") (emphasis added). Therefore, contrary to Respondents' argument, it is of no moment for commonality purposes that Petitioners are currently detained under the INA and Title 8, when they face the risk of deportation under the Proclamation and Act, as underscored by Respondents' statements in immigration proceedings regarding Petitioners' TdA and gang affiliations. See ECF No.

46 at 13. *See also Stricklin*, 594 F.3d at 1197 (The shared risk of being subjected to the purportedly unconstitutional practices justified certification.") (emphasis added); *Milonas*, 691 F.2d at 938 ("[E]very member of the class need not be in a situation identical to that of the named plaintiff."). This is particularly true where a determination as to the legal question of whether the Proclamation is consistent with the Act and Constitution will "resolve an issue that is central to the validity" of Petitioner's habeas claims "in one stroke." *Wal-Mart*, 564 U.S. at 350; *see also Milonas*, 691 F.2d at 938 ("[A]ctual differences in the claims of the class members should not result in a denial of class certification where common questions of law exist." (citations omitted); *Stricklin*, 594 F.3d at 1197 ("We did not require the named plaintiffs in Milonas to prove either every class member had actually been subjected to the controverted practices or every class member had actually suffered constitutionally-cognizable harm . . . .") (emphases added).

Respondents elsewhere argue in their Rule 23(b)(2) discussion, *see* ECF No. 46 at 18, that "resolution of many of Petitioners' procedural and due process objections would require fact-specific inquires." ECF No. 46 at 15. For the sake of completeness, even construing this argument as attendant to Rule 23(a)(2)'s commonality requirement, it fails. The factual differences that may arise in class members' individual habeas proceedings do not destroy commonality. *See, e.g., Reid v. Donelan*, 17 F.4th 1, 11 (1st Cir. 2021) ("[A] class can be certified even if there are some individual issues that can be efficiently and fairly adjudicated individually."). Especially where, as discussed above, questions of law about the Proclamation are common to the class. *See* Fed. R. Civ. P 23(a)(2); *Milonas*, 691 F.2d at 938 ("Factual differences in the claims of the class

members should not result in a denial of class certification where common questions of law exist." (citation omitted) (emphasis added)). At least one court confronted with a virtually identical argument at the certification stage rejected it, and the Court—consistent with Tenth Circuit precedent—finds that court's reasoning persuasive. *See J.A.V.*, 2025 WL 1256996, at *5 ("[T]he hearings themselves would proceed individually, as the relevant facts for each person differ. Still . . . the Court can utilize individualized hearings to receive evidence and adjudicate the relatively-narrow issue of the person's alleged membership in TdA." (citation omitted)); *Milonas*, 691 F.2d at 938.

Accordingly, for the reasons set forth above Petitioners have met their commonality burden.

### iii. Typicality

The parties' typicality arguments echo their commonality arguments. *Compare* ECF No. 4 at 11, *with* ECF No. 46 at 12. *See also Wal-Mart*, 564 U.S. at 350 n.5 ("[T]he commonality and typicality requirements of Rule 23(a) tend to merge." (alteration omitted)). Considering the parties' arguments under Rule 23(a)'s typicality rubric, Petitioners have met their typicality burden. *See* Fed. R. Civ. P. 23(a)(3) ("The claims or defenses of the representative parties [must be] typical of the claims or defenses of the class.") In reaching this conclusion, the Court considers Respondents' contrary arguments and explains why it rejects them.

First, Respondents argue that Petitioners "are not part of the proposed class," directing the Court again to the factual distinctions in Petitioners' detainment under the INA and Title 8, and the detainment of class members under the Proclamation and Act.

ECF No. 46 at 12. This argument failed to persuade as a matter of commonality and fails again. Tenth Circuit precedent, by which the Court is bound, plainly forecloses it. *See Adamson v. Bowen*, 855 F.2d 668, 676 (10th Cir. 1988) ("[D]iffering fact situations of class members do not defeat typicality under Rule 23(a)(3) so long as the claims of the class representative and class members are based on the same legal or remedial theory." (citations omitted)); *Milonas*, 691 F.2d at 938 (concluding commonality and typicality requirements were met where "all the [class members] were in danger of being subjected to the [challenged] practices"); *Colorado Cross Disability*, 765 F.3d at 1216 ("The commonality and typicality requirements of Rule 23(a) do not require that every member of the class share a fact situation identical to that of the named plaintiff." (citation omitted)); *Menocal v. GEO Grp., Inc.*, 882 F.3d 905, 914 (10th Cir. 2018) ("[D]iffering fact situations of class members do not defeat typicality . . . so long as the claims of the class representative and class members are based on the same legal or remedial theory." (quotations omitted)).

Second, Respondents argue that "a decision as to [Petitioners] will [not] necessarily resolve a question for the class." ECF No. 46 at 12. Not so. A decision as to whether Petitioners' risk of detainment under the Proclamation is illegal—and demanding habeas relief—will necessarily resolve a common question for the class—whether class members' detainment under the Proclamation is illegal. *See, e.g., Colorado Cross Disability*, 765 F.3d at 1216; *Menocal*, 882 F.3d at 914; *Adamson*, 855 F.2d at 676. Any factual differences between Petitioners' and class members' detainment does not disturb this conclusion. *See* ECF No. 4 at 11; *Stricklin*, 594 F.3d at 1198 ("The interests and

claims of Named Plaintiffs and class members need not be identical to satisfy typicality." (citation omitted) (emphasis added)).

Therefore, as with the Court's commonality analysis, Petitioners have met their Rule 23(a)(3) typicality burden, and Respondents fail to persuade otherwise.

### iv. Adequacy

Petitioners, reciting Rule 23(a)(4)'s adequacy requirement, contend they satisfy it because there is no conflict between the interest of Petitioners and class members, and proposed class counsel are sufficiently experienced. ECF No. 4 at 12; *see also* Fed. R. Civ. P. 23(a)(4) ("[T]he representative parties [must] fairly and adequately protect the interests of the class.") In response, Respondents continue in their refrain: Petitioners cannot meet their adequacy burden because facts distinguish "Petitioners from other class members." ECF No. 46 at 14. The Court agrees with Petitioners they have met their adequacy burden for three reasons.

First—and without belaboring the point—the Court has twice rejected Respondents' "factual differences" argument. Just as this argument failed to persuade as a matter of commonality and typicality, so too does it fail to persuade Petitioners' claims are not adequately representative of class members' claims.

Second—and putting aside Respondents' failure to respond to this argument— there are no conflicts between Petitioners' interest, the interests of class counsel, and class members' interest. See ECF No. 4 at 12; *see also White*, 2023 WL 3278460, at *12 (D. Colo. May 5, 2023) ("Resolution of two questions determines legal adequacy," including whether "the named plaintiffs and their counsel have any conflicts of interest"

with other class members (quotations omitted)); *Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 626 n.20 (1997) ("The adequacy heading also factors in competency and conflicts of class counsel." (citations omitted)). As Petitioners explain, they do not seek any unique relief contrary to the relief they seek on behalf of the class. *See* ECF No. 4 at 12. And for this reason, their interest in this litigation is aligned with class members' interests. The Court agrees with Petitioners there is no conflict between their interests and the interests of class members. *See, e.g., White*, 2023 WL 3278460, at *12 (concluding named plaintiff met adequacy burden where the named plaintiff "assert[ed] the same theory of liability . . . as other class members"); 1 Newberg and Rubenstein on Class Actions § 3:58 (6th ed.) ("Only conflicts that are fundamental to the suit and that go to the heart of litigation prevent a proposed class representative from meeting the Rule 23(a)(4) adequacy requirement." (footnotes omitted)).

Third, class counsel are sufficiently experienced to adequately represent the class. *See* ECF No. 4 at 12; ECF No. 4-1 at 1–3. Counsel for Petitioners and the class have litigated numerous class actions, and are amply qualified to serve as class counsel in this case. *See* ECF No. 4-1 at 1–3. Further, class counsel has litigated this action through the TRO phase, and now into certification and preliminary injunction briefing. For these reasons, class counsel have vigorously prosecuted this action on behalf of the class— and will continue to—thus satisfying Rule 23(a)(4)'s adequacy requirement. *See, e.g., White*, 2023 WL 3278460, at *12 (concluding named plaintiff and class counsel met adequacy burden where counsel had "vigorously been litigating" and "proffered intelligible [certification] arguments" (quotations omitted)); *Anderson Living Tr. v. ConocoPhillips*

*Co., LLC*, No. CIV 12-0039 JB/SCY, --- F.R.D. ----. 2025 WL 950473, at *74 (D.N.M. Mar. 28, 2025).

* * *

For the reasons set forth above, Petitioners D.B.U. and R.M.M. have, by a preponderance of the evidence, satisfied Rule 23(a)'s threshold certification requirements. *See* Fed. R. Civ. P. 23(a). The Court now proceeds to its analysis of Petitioners' class certification motion under Rule 23(b)(2).

### B.  Rule 23(b)(2)

Having satisfied Rule 23(a)'s requirements, the Court turns to whether Petitioners have met their Rule 23(b)(2) burden. *See, e.g.,* Fed. R. Civ. P. 23(b). Explained below, they have.

Plaintiffs bring this class action under Rule 23(b)(2), *see* ECF No. 4 at 13, which provides maintenance of a class action where "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole," Fed. R. Civ. P. 23(b)(2). *See also Wal-Mart*, 564 U.S. at 360 ("Rule 23(b)(2) applies only when a single injunction or declaratory judgment would provide relief to each member of the class."); *Anderson Living Trust*, 2025 WL 950473, at *29 (collecting cases and explaining background and purpose of Rule 23(b)(2) class actions); *Adamson*, 855 F.3d at 676 (noting Rule 23(b)(2) "contains no requirement of 'predominance'" (footnote omitted)).

Rule 23(b)(2) imposes two requirements. First, that "the defendants' actions or inactions must be based on grounds generally applicable to all class members." *Shook v.*

*Bd. of Cnty. Commissioners of Cnty. of El Paso*, 543 F.3d 597, 604 (10th Cir. 2008). And second, "that final injunctive relief be appropriate for the class as a whole." *Id.* (emphasis omitted); *see also Martinez v. Reams*, No. 20-cv-00977-PAB-SKC, 2021 WL 603054, at *2 (D. Colo. Feb. 16, 2021).

Although the parties' briefs do not explicitly frame their Rule 23(b)(2) arguments in these terms, considering Rule 23(b)(2)'s two requirements in turn, *see Shook*, 543 F.3d at 604, the Court concludes Petitioners have satisfied them.

### i. General Applicability

Petitioners argue that they have satisfied Rule 23(b)(2) because "Respondents have acted on grounds that apply generally to the class by subjecting them all to the same Proclamation . . ." ECF No. 4 at 14. Respondents counter Petitioners cannot secure "common injunctive relief" because "[c]lass members are likely to be differently situated from Petitioners or from each other." ECF No. 46 at 15. The Court agrees with Petitioners.

Respondents' actions—subjecting class members to detainment and removal under the Proclamation—are "grounds generally applicable" to all class members. *Shook*, 543 F.3d at 604. And contrary to Respondents' argument regarding any class members who are "differently situated from Petitioners or from each other," ECF No. 46 at 15, "[t]hat the claims of individual class members *may* differ factually should not preclude certification under Rule 23(b)(2) of a claim seeking the application of a common policy," *Adamson*, 855 F.2d at 676 (emphasis added); § 1775 Class Actions for Injunctive or Declaratory Relief Under Rule 23(b)(2)—In General, 7AA Fed. Prac. & Proc. Civ. § 1775 (3d ed.) ("All the class members need not be aggrieved by or desire to challenge

19

defendant's conduct in order for some of them to seek relief under Rule 23(b)(2)." (footnote omitted)).

At bottom, Petitioners challenge the application of the Proclamation, a "common policy," *see id.*, to which Petitioners and class members are or may be subject, *see* ECF No. 4 at 1–2. This is sufficient to meet their burden under Rule 23(b)(2)'s first requirement. *See Shook*, 543 F.3d at 604; *B.K. by next friend Tinsley v. Snyder*, 922 F.3d 957, 971 (9th Cir. 2019) ("A single, indivisible injunction ordering state officials to abate [their challenged] policies and practices 'would provide relief to each member of the class,' thus satisfying Rule 23(b)(2).") (quoting *Wal-Mart*, 564 U.S. at 360).

### ii.    *Relief Appropriate to Class*

Petitioners contend that Rule 23(b)(2) certification is proper because the proposed class is "sufficiently cohesive," and that the injunctive relief they seek "would benefit them as well as all members of the proposed class in the same fashion," ECF No. 4 at 14. Respondents argue "[r]esolution of Petitioners' proposed contentions might result in injunctive relief for some [class members], but not all of them." ECF No. 46 at 15. The Court agrees with Petitioners.

First, the class is sufficiently "cohesive:" class-wide injunctive relief can satisfy Federal Rule of Civil Procedure 65(d), insofar as any injunction issued by the Court may "state its terms specifically." Fed. R. Civ. P. 65(d); *see also* ECF No. 4 at 14. The Court's prior TRO demonstrates there is no impediment to Petitioners satisfying Rule 65(d), insofar as the Court has already specified temporary injunctive relief with which Respondents, based on representations in their response to Petitioners' preliminary

injunction motion, have complied. *Compare* ECF No. 35 at 34, *with* ECF No. 48 at 6 ("The government recognizes that the Court's TRO . . . mandates a specific notice process in the District of Colorado, which is being implemented in this district."); *Shook*, 543 F.3d at 604. In other words, the Court's temporary injunctive relief was sufficiently specific that Respondents were able to comply with it, and any future injunctive relief would be substantially similar, if not identical, to the relief the Court granted in its TRO order. ECF No. 35.

Second, it is not "necessary to correct" Respondents' "allegedly unlawful conduct" in a manner that is "specifically tailored to each class member." *Id.* (quotations omitted); *see also* ECF No. 4 at 14. The class Petitioners seek to represent would not be "unmanageable," given membership is readily ascertainable and class members' injuries are "sufficiently similar that they can be addressed in a single injunction that need not differentiate between class members." *Shook*, 543 F.3d at 604. Put differently, the permanent injunction Petitioners ultimately seek, *see* ECF No. 1 at 22, regarding the due process and notice to which class members may be entitled, premised on resolution of the legal question as to whether the Proclamation is infirm under constitutional and statutory frameworks, requires no "time-consuming inquiry into individual circumstances" of class members, *Shook*, 543 F.3d at 604. See *also Tinsley*, 922 F.3d at 971–72; *Amchem Products*, 521 U.S. at 614 ("Civil rights cases against parties charged with unlawful, class-based discrimination are prime [Rule 23(b)(2)] examples.").

To be sure, the Court agrees with Respondents that "claims for *individualized* relief . . . do not satisfy" Rule 23(b)(2). *Wal-Mart*, 564 U.S. at 361; ECF No. 46 at 15. But

Respondents confuse the individualized nature of any class member's habeas proceedings that would *follow* any injunctive relief with the class-wide relief as to the notice and due process to which class members would be entitled *prior to* conducting any individual habeas proceedings. *See J.A.V.*, 2025 WL 1256996, at *5. Questions as to the Proclamation's validity, which address its failure to provide adequate notice and whether it is a valid exercise of the Act, are different from questions of whether individual detainees have shown, after receiving proper notice, entitlement to habeas relief. *See, e.g., Adamson*, 855 F.2d at 676 ("That the claims of individual class members may differ factually should not preclude certification under Rule 23(b)(2) of a claim seeking the application of a common policy." (citation omitted)); *Stricklin*, 594 F.3d at 1200 ("Named Plaintiffs assert that [challenged actions] are harming or putting at risk of harm *all* [members] in the class, [so] the imposition of [injunctive relief] would apply to the entire class."). Put simply, Respondents put the cart before the horse. But, given the nature of Petitioners' requested relief, they are wrong to do so.

* * *

Certification of Petitioner D.B.U. and R.M.M.'s proposed class is appropriate. Petitioners have satisfied Rule 23(a) and Rule 23(b)(2)'s requirements by a preponderance of the evidence. The Court is mindful, of course, that certifying Petitioners' proposed class is not dispositive of Petitioners' habeas claims, or any class member's habeas claim. "In determining the propriety of a class action, the question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met." *Eisen*, 417 U.S. at 178. After

conducting its "rigorous analysis" of the class certification requirements, the Court answers this question affirmatively. *See Wal-Mart*, 564 U.S. at 351.

## IV.   CONCLUSION

Consistent with the above analysis, Petitioners' Motion for Class Certification, ECF No. 4, is GRANTED. Petitioners' class as proposed in the Motion for Class Certification is certified, specifically:

> All noncitizens in custody in the District of Colorado who were, are, or will be subject to the March 2025 Presidential Proclamation entitled 'Invocation of the Alien Enemies Act Regarding the Invasion of the United States by Tren de Aragua' and/or its implementation.

Petitioners D.B.U. and R.M.M. are named as class representatives. Pursuant to Federal Rule of Civil Procedure 23(g), Lee Gelernt of American Civil Liberties Union Foundation is appointed lead counsel for the certified class, and all ACLU attorneys who have appeared in this matter as counsel of record for Petitioners are appointed co-counsel for the certified class.

DATED this 6th day of May, 2025.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge